1

2

3

4

5

6

7

8        **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   GABRIEL PRICE,                              No. CIV S-05-1311-GEB-CMK-P

12              Plaintiff,

13       vs.                                           <u>ORDER</u>

14   PLACER COUNTY JAIL, et al.,

15              Defendants.

16   _____/

17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1), filed on June 29,

19   2005.

20              The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

25   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

26   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

1

1  means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

2  1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

3  complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

4  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

## I. BACKGROUND

Plaintiff names as defendants Dr. Becker, Dr. Steve, and nurses Peters and

Morgan.  Plaintiff's complaint asserts, in its entirety, as follows:

> I was denied my psych med's by two Dr. and two or three nurses.  On 6-11-04 to 6-20-04 I was refused my med's which are wellbutrin and geodin, both of which are never supost to be just stopped...  SAC faxed the county jail A copy of my medical file.  Auburn County Jail still chose to ignore this.  Also I made the judge and my attorney aware of these facts which even with there talking to the jail still did not help . . . [sic]

It is unclear from the complaint what remedies plaintiff seeks.

## II. DISCUSSION

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

connection or link between the actions of the defendants and the alleged deprivations.  See

Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

person 'subjects' another to the deprivation of a constitutional right, within the meaning of

§ 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform

an act which he is legally required to do that causes the deprivation of which complaint is made."

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

concerning the involvement of official personnel in civil rights violations are not sufficient.  See

Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth

specific facts as to each individual defendant's causal role in the alleged constitutional

deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

1    Here, the complaint is devoid of any specific allegations with respect to any named
2    defendant.  Plaintiff's allegations concerning "two Dr." and "two or three nurses" are too vague to
3    meet this standard.

4

5                        **III.  CONCLUSION**

6    Because it is possible that the deficiencies identified in this order may be cured by
7    amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire
8    action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is
9    informed that, as a general rule, an amended complaint supersedes the original complaint.  See
10   Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to
11   amend, all claims alleged in the original complaint which are not alleged in the amended
12   complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
13   plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make
14   plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must be
15   complete in itself without reference to any prior pleading.  See id.

16   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
17   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
18   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
19   each named defendant is involved, and must set forth some affirmative link or connection
20   between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d
21   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

22   Finally, plaintiff is warned that failure to file an amended complaint within the
23   time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
24   1260-61; see also Local Rule 11-110.

25   ///

26   ///

                                           3

1        Accordingly, IT IS HEREBY ORDERED that:

2        1.    Plaintiff's complaint, filed on June 29, 2005, is dismissed with leave to

3 amend; and

4        2.    Plaintiff shall file a first amended complaint within 30 days of the date of

5 service of this order.

6

7 DATED:  October 27, 2005.

8

9                       CRAIG M. KELLISON

10                    UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26