**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

GABRIEL PRICE,                                          No. CIV S-05-1311-GEB-CMK-P

        Plaintiff,

   vs.                                                    ORDER

PLACER COUNTY JAIL, et al.,

        Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's first amended complaint (Doc. 10), filed on November 23, 2005.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

In his original complaint, filed on June 29, 2005, plaintiff alleged as follows:

> I was denied my psych med's by two Dr. and two or three nurses.  On 6-11-04 to 6-20-04 I was refused my med's which are wellbutrin and geodin, both of which are never supost to be just stopped... SAC faxed the county jail A copy of my medical file.  Auburn County Jail still chose to ignore this.  Also I made the judge and my attorney aware of these facts which even with there talking to the jail still did not help . . . [sic]

The original complaint contained no other allegations.  The court dismissed the complaint with leave to amend because it did not link an alleged constitutional violation with any individual defendant.

In the caption of the 1st amended complaint, plaintiff names the following: "Placer County Jail and its Medical Health Care Staff."  In the section of the form complaint asking for a listing of all defendants, plaintiff lists: "Doctor Steve;" "Doctor Becker;" "Nurse Peters;" and "Nurse Morgan."

Plaintiff claims that medical staff denied him his prescription medications.  Specifically, plaintiff alleges that, from June 11, 2004, to June 20, 2004, defendants Peters and Morgan ". . . did deprived [sic] plaintiff of his prescribed medication for his mental disorder and/or sickness."  Plaintiff asserts that all defendants were aware of his need for medications.

1    Plaintiff seeks monetary damages.

2

3    **II.  DISCUSSION**

4    Plaintiff seeks relief from the following defendants: the Placer County Jail; Dr.

5    Steve; Dr. Becker; nurse Peters; and nurse Morgan.  Plaintiff alleges these defendants violated

6    his Eighth Amendment rights by denying him prescription medications.

7    The treatment a prisoner receives in prison and the conditions under which the

8    prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

9    and unusual punishment.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth

10   Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards,

11   humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  A prison official violates

12   the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or

13   omission must be so serious such that it results in the denial of the minimal civilized measure of

14   life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and

15   wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the

16   Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

17   Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

18   injury or illness, gives rise to under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see

19   also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.

20   See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently

21   serious if the failure to treat a prisoner's condition could result in further significant injury or the

22   ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th

23   Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors

24   indicating seriousness are: (1) whether a reasonable doctor would think that the condition is

25   worthy of comment; (2) whether the condition significantly impacts the prisoner's daily

26   activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See

1    <u>Lopez v. Smith</u>, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

2          The requirement of deliberate indifference is less stringent in medical needs cases

3 than in other Eighth Amendment contexts because the responsibility to provide inmates with

4 medical care does not generally conflict with competing penological concerns.  <u>See</u> <u>McGuckin</u>,

5 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

6 decisions concerning medical needs.  <u>See</u> <u>Hunt v. Dental Dep't</u>, 865 F.2d 198, 200 (9th Cir.

7 1989).  The complete denial of medical attention may constitute deliberate indifference.  <u>See</u>

8 <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical

9 treatment, or interference with medical treatment, may also constitute deliberate indifference.

10 <u>See</u> <u>Lopez</u>, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also

11 demonstrate that the delay led to further injury.  <u>See</u> <u>McGuckin</u>, 974 F.2d at 1060.

12          Negligence in diagnosing or treating a medical condition does not, however, give

13 rise to a claim under the Eighth Amendment.  <u>See</u> <u>Estelle</u>, 429 U.S. at 106.  Moreover, a

14 difference of opinion between the prisoner and medical providers concerning the appropriate

15 course of treatment does not give rise to an Eighth Amendment claim.  <u>See</u> <u>Jackson v. McIntosh</u>,

16 90 F.3d 330, 332 (9th Cir. 1996).

17          In this case, plaintiff alleges that all defendants knew about his medical needs for

18 bi-polar disorder, but that defendants Morgan and Peters denied him his medications.  The

19 amended complaint thus appears to state an Eighth Amendment claim against these defendants.

20          As to defendant doctors, however, plaintiff has not alleged any connection to a

21 constitutional deprivation.  While plaintiff asserts that the doctors were also aware of his bi-polar

22 disorder, plaintiff has not alleged that the doctors refused to provide medical treatment of

23 medications.  Plaintiff will be given one more opportunity to amend the complaint to state a

24 claim against doctors Becker and Steve.

25 / / /

26 / / /

4

1      Finally, plaintiff's amended complaint appears to name the Placer County Jail as a

2 defendant.  Municipalities and other local government units are among those "persons" to whom

3 § 1983 liability applies.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  Counties

4 and municipal government officials are also "persons" for purposes of § 1983.  See id. at 691;

5 see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  A local

6 government unit, however, may not be held responsible for the acts of its employees or officials

7 under a respondeat superior theory of liability.  See Bd. of County Comm'rs v. Brown, 520 U.S.

8 397, 403 (1997).  Thus, municipal liability must rest on the actions of the municipality, and not

9 of the actions of its employees or officers.  See id.  To assert municipal liability, therefore, the

10 plaintiff must allege that the constitutional deprivation complained of resulted from a policy or

11 custom of the municipality.  See id.  A claim of municipal liability under § 1983 is sufficient to

12 withstand dismissal even if it is based on nothing more than bare allegations that an individual

13 defendant's conduct conformed to official policy, custom, or practice.  See Karim-Panahi v. Los

14 Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

15      Here, plaintiff has not made any specific allegations as to municipal custom or

16 policy.  Plaintiff will be given an opportunity to amend.

17

18                              **III.  CONCLUSION**

19      Because it is possible that the deficiencies identified in this order may be cured by

20 amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d

21 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an

22 amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

23 1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the

24 prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.

25 An amended complaint must be complete in itself without reference to any prior pleading.  See

26 id.

1              If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

2 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

3 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

4 each named defendant is involved, and must set forth some affirmative link or connection

5 between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

6 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

7              Because the complaint appears to otherwise state cognizable claims, if no

8 amended complaint is filed within the time allowed therefor, the court will issue findings and

9 recommendations that the claims identified herein as defective be dismissed, as well as such

10 further orders as are necessary for service of process as to the cognizable claims.

11              Accordingly, IT IS HEREBY ORDERED that may file a second amended

12 complaint within 30 days of the date of service of this order.

14 DATED:   December 4, 2005.

16                                         CRAIG M. KELLISON

17                                       UNITED STATES MAGISTRATE JUDGE