**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GABRIEL PRICE, | No. CIV S-05-1311-GEB-CMK-P |
|     Plaintiff, | |
|   vs. | <u>ORDER</u> |
| BECKER, et al., | |
|     Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint (Doc. 13), filed on December 30, 2005. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a).

      In his original complaint, filed on June 29, 2005, plaintiff alleged as follows:

> I was denied my psych med's by two Dr. and two or three nurses. On 6-11-04 to 6-20-04 I was refused my med's which are wellbutrin and geodin, both of which are never supost to be just stopped... SAC faxed the county jail A copy of my medical file. Auburn County Jail still chose to ignore this. Also I made the judge and my attorney aware of these facts which even with there talking to the jail still did not help . . . [sic]

The original complaint contained no other allegations. The court dismissed the complaint with

1

leave to amend because it did not link an alleged constitutional violation with any individual defendant.

In the caption of the first amended complaint, plaintiff named the following: "Placer County Jail and its Medical Health Care Staff." In the section of the form complaint asking for a listing of all defendants, plaintiff listed: "Doctor Steve;" "Doctor Becker;" "Nurse Peters;" and "Nurse Morgan." In the first amended complaint, plaintiff claimed that medical staff denied him his prescription medications. Specifically, plaintiff alleged that, from June 11, 2004, to June 20, 2004, defendants Peters and Morgan ". . . did deprived [sic] plaintiff of his prescribed medication for his mental disorder and/or sickness." Plaintiff asserted that all defendants were aware of his need for medications. The court issued an order on December 7, 2006, stating that the first amended complaint appeared to state an Eighth Amendment claim against defendants Peters and Morgan, but not against the defendant doctors or the Placer County Jail as an individual entity. Plaintiff was given an opportunity to amend as to these defendants.

In the second amended complaint, plaintiff again names defendants Steve, Becker, Peters, and Morgan. As to Placer County Jail, while the caption of the second amended complaint lists "Placer County Jail Medical Department," the only defendants listed in the section of the pleading entitled "III. Defendants" are the four above-referenced individuals. Therefore, the court concludes that Placer County Jail is not a named defendant to this action. The Clerk of the Court will be directed to update the court's caption and docket accordingly.

As to the individual defendants, plaintiff now alleges that "Steve, Becker, Peters, and Morgan knowingly deprived plaintiff his proscribed [sic] medication . . ." Plaintiff seeks monetary damages.

The second amended complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. The court, therefore, finds

that service is appropriate and will direct service by the U.S. Marshal without pre-payment of costs. Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies with this order. Plaintiff is warned that failure to comply with this order may result in dismissal of the action. See Local Rule 11-110.

        Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to delete "Placer County Jail" as a defendant to this action and to update the court's docket to reflect the above caption;

2. Service is appropriate for the following defendant(s):

> BECKER;
> STEVE;
> PETERS; and
> MORGAN;

3. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant identified above, one summons, an instruction sheet, and a copy of the second amended complaint filed December 30, 2005; and

4. Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a.    The completed Notice of Submission of Documents;

    b.    One completed summons;

    c.    Four completed USM-285 form(s); and

    d.    Five copies of the endorsed second amended complaint.

DATED: May 23, 2006.

                                                          **CRAIG M. KELLISON**
                                                          UNITED STATES MAGISTRATE JUDGE

```
 1
 2
 3
 4
 5
 6
 7              IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF CALIFORNIA
 8
   GABRIEL PRICE,                    No. CIV S-05-1311-GEB-CMK-P
 9           Plaintiff,
         vs.
10 BECKER, et al.,
             Defendants.
11                                   /
12
13
14
                   NOTICE OF SUBMISSION OF DOCUMENTS
15        Plaintiff hereby submits the following documents in compliance with the court's
   order:
16          1       completed summons form;
                    completed USM-285 form(s); and
17                  copies of the second amended complaint.
18 DATED: _____      _____
                                          Plaintiff
```